UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11
EASTERN FARMS, INC.,                                            Case No. 10-14150(AJG)
d/b/a DELMONICO GOURMET FOOD
MARKET,

                          Debtor.
------------------------------------------------------------x

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

**UPON** the application of Eastern Farms, Inc. d/b/a Delmonico Gourmet Food Market (the "Debtor"), dated August 26, 2010 (the "Motion"), for an Order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof; and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation, and sufficient cause appearing therefor, it is

**ORDERED** that, pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, all persons and entities (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim as such term is defined in §101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on July 30, 2010 (the "Filing Date"), shall file proof of such claim in writing so that it is received on or before October 22, 2010; and it is further

**ORDERED,** that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before January 25, 2011; and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall

apply:

      (a)      Proofs of claim must conform substantially to Official Bankruptcy Form 10;

      (b)      Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York , New York 10004

      (c)      Proofs of claim will be deemed filed only when a proof of claim is <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date; and

      (d)      Proofs of claim must: (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

and it is further

      **ORDERED** that the following persons or entities are not required to file a proof of claim on or prior to the Bar Date:

      (a)      Any person or entity that already has properly filed a proof of claim against the Debtor with the Clerk of the United States Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

      (b)      Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and/or priority of the claim as set forth in the Schedules; and [and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules];

      (c)      Any holder of a claim that heretofore has been allowed by order of this Court;

      (d)      Any person or entity whose claim has been paid in full by any of the Debtor;

      (e)      Any holder of a claim for which specific deadlines have previously been fixed by this Court; and it is further

(f) Any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration;

**ORDERED** that any person or entity holding a claim arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry, of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, <u>provided, however</u>, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED** that, if the Debtor amends or supplement the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of the claims affected thereby and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED,** that nothing in this Order shall prejudice the right of the Debtor or any parties in interest to dispute or assert offset or defenses to any claim reflected in the Schedules; and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be

treated as a creditor with respect to such claim for the purpose of voting and distribution; and it is further

**ORDERED** that a copy of the Notice substantially in the form annexed to hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

- (a) The United States Trustee;
- (b) counsel to each official committee;
- (c) All persons or entities that have requested notice of the proceedings in the chapter 11 case;
- (d) All persons or entities that have filed claims;
- (e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;
- (f) All parties to executory contracts and unexpired leases of the Debtor;
- (g) all parties to litigation with the Debtor;
- (h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and
- (i) such additional persons and entities as deemed appropriate by the Debtor;

and it is further;

**ORDERED,** that any person or entity who desires to rely on the schedules will have the responsibility for determining that the claim is accurately listed in the schedules; and it is further

**ORDERED**, that the Debtor are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of the Debtor to

seek a further Order of this Court fixing the date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
         September 9, 2010

                                              **s/Arthur J. Gonzalez**
                                              HON. ARTHUR J. GONZALEZ
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                           Chapter 11
EASTERN FARMS, INC.,                    Case No. 10-14150(AJG)
d/b/a DELMONICO GOURMET FOOD
MARKET,

                                          Debtor.
------------------------------------------------------------x


**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
ON OR BEFORE OCTOBER 22, 2010 AT 5:00 PM PREVAILING EASTERN TIME**

**TO ALL PERSONS OR ENTITIES WITH CLAIMS
AGAINST EASTERN FARMS, INC.
d/b/a DELMONICO GOURMET FOOD MARKET**

        The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **October 22, 2010 at 5:00 p.m. (EST)** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporation, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtor listed above (the "Debtor").

        The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to July 30, 2010, the date on which the Debtor commenced a case under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

        **1.**         **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior July 30, 2010, and it is not one of the types described in Section 4 below.  Claims based on acts or omissions of the Debtor that occurred before the filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under §101(5) of the Bankruptcy Code, and as used in this Notice, the word "claim" means either: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right of payment whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Proofs of claim must conform substantially to Form 10 of the Official Bankruptcy Forms.  A proof of claim form is enclosed for use in the Debtor's case.  You may utilize the proof of claim form provided by the Debtor to file your claim.  Additional proof of claim forms may be obtained at www.uscourts.gov/bkforms. All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why documentation is not available.

3. **WHEN AND WHERE TO FILE**

Except as provided herein, all proofs of claim must be filed so as to be received **on or**

**before October 22, 2010.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.

Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand or overnight courier to the Court at the address provided below:

> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green, Room 534
> New York, New York 10004-1408

Proofs of claim will be deemed filed when actually <u>received</u> by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail submission.

Governmental units may have until **January 25, 2011**, the date that is 180 days after the order for relief, to file proofs of claim.

**4. WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of claim against the Debtor with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) A person or entity whose claim is listed on the Schedules if (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) A holder of a claim that has previously been allowed by order of the Court;

(d) A holder of a claim that has been paid in full by the Debtor;
(e) A holder of claim for which a specific deadline has previously been fixed by this Court;

(f) A holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have any unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before **2010**, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE

BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

7. **THE DEBTOR' SCHEDULES OF ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtor's in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules") which schedules are on file with the Court.

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, of if you decide t file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website t http://www.nysb.uscourts.gov. A login and password to the Court's public Access to Electronic court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004. Copies of the Debtor's Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York
       September    , 2010

                              **BY ORDER OF THE COURT**


**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor


By: _____
Douglas J. Pick
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000