UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                    Chapter 11
EASTERN FARMS, INC.,                      Case No. 10-14150(AJG)
d/b/a DELMONICO GOURMET FOOD
MARKET,

                          Debtor.
------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO AUTHORIZING THE DEBTOR TO CONTINUE PAYMENTS UNDER INSURANCE PREMIUM FINANCING AGREEMENT

Upon the application dated August 23, 2010 (the "Application") of Eastern Farms Inc. d/b/a Delmonico Gourmet Food Market, the debtor and debtor-in-possession herein (the "Debtor"), seeking the entry of an Order, pursuant to §364(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to continue payments to Standard Funding Corp. ("SFC") under a certain Premium Finance Agreement (the "Agreement") attached to the Application as *Exhibit "A"*; and due and adequate notice of the Application and the hearing thereon having been given in accordance with Bankruptcy Rule 4001(c) which notice the Court finds was good and sufficient; and upon the record of the hearing on September 15, 2010 to consider the Application; and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is

**ORDERED**, that the Application is granted and the Debtor is hereby authorized to continue to obtain insurance premium financing from, and make payments to, SFC upon substantially the same terms as set forth in the Agreement, provided however that the provisions of this Order shall supercede the terms of the Agreement in the event of any conflict between them; and it is further

**ORDERED**, that notwithstanding any provision of the Agreement to the contrary, the material terms of the Agreement may only be changed, modified and/or amended with the approval of this Court and upon the entry of an appropriate Order; and it is further

**ORDERED**, that SFC's security interest in any unearned premiums and/or any loss payments which will reduce the unearned premiums under the applicable insurance policy is hereby continued. Said security interest shall be limited to the foregoing and shall not extend to any other assets of the Debtor whether now in existence or acquired hereafter; and it is further

**ORDERED**, that the automatic stay provisions of §362 of the Bankruptcy Code are hereby conditionally modified so as to permit SFC, in the event of a payment default by the Debtor under the Agreement, and after giving at least seven (7) days notice to the Debtor, the United States Trustee and the Debtor's twenty (20) largest creditors, together with any notice required to be given under applicable non-bankruptcy law, to cancel the Policy and to apply any unearned or returned premiums due under the applicable insurance policy to any amount owing by the Debtor to SFC without further application to this Court; and it is further

**ORDERED**, that in the event that the applicable insurance policy is cancelled and the unearned and/or loss payments are insufficient to pay the amounts owed by the Debtor to SFC under the Agreement, any remaining amounts owing to SFC under the Agreement shall be allowed and given priority as an administrative expense claim under §503 of the Bankruptcy Code, but subject to SFC' filing of a corresponding proof of claim in the Debtor's case on account of the amounts claimed to be owed, and it is further

**ORDERED,** that the reversal or modification on appeal of the authority granted the Debtor by this Order and/or §364 of the Bankruptcy Code shall not effect the validity of the debt, priority or lien granted to SFC pursuant to this Order, as provided by §364(e) of the Bankruptcy Code, and it is further

**ORDERED**, that this Order shall be binding upon the Debtor, its estate and all successors and assigns of the Debtor and its estate including, but not limited to , any trustee appointed in the Debtor's bankruptcy case under Chapter 7 or Chapter 11 of the Bankruptcy Code.  Except as otherwise provided for herein, SFC' rights under the Agreement and applicable non-bankruptcy law shall not be impaired by this bankruptcy proceeding, the appointment of a trustee, the conversion of this proceeding to one under Chapter 7 of the Bankruptcy Code or any other provision(s) of the Bankruptcy Code.

Dated: New York, New York
       September 15, 2010

                                         <u>s/Arthur J. Gonzalez</u>
                                         HON. ARTHUR J. GONZALEZ
                                         CHIEF UNITED STATES BANKRUPTCY JUDGE